IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSEPH MCGRAW,

                  Plaintiff,                           OPINION & ORDER

    v.

                                                         14-cv-253-jdp

TERRI MARCO and
BRENDA CLARK,

                  Defendants.

---

Pro se plaintiff Joseph McGraw filed a proposed complaint under 42 U.S.C. § 1983 in which he alleged that defendants Terri Marco and Brenda Clark failed to provide him with a Wisconsin state court complaint and summons they received on his behalf while we was incarcerated. Without notice that a lawsuit had been filed against him, plaintiff never appeared and the state court entered a default judgment against him. In a July 25, 2014, screening order, I granted plaintiff leave to proceed on his complaint, but noted that his claims might ultimately fail because he had already litigated them in state court. Dkt. 11. Defendants have now moved to dismiss plaintiff's case. Dkt. 16. Relying on the *Rooker-Feldman* doctrine, defendants contend that this court cannot adjudicate his claims without reviewing the factual findings of a Wisconsin state court—which this court does not have the power to do. Defendants' argument is persuasive and I will therefore dismiss plaintiff's case for lack of subject matter jurisdiction.

ALLEGATIONS OF FACT

The underlying facts that plaintiff alleges in this case have not changed since the court's July 25 order. Plaintiff has supplemented the record with a number of exhibits to demonstrate the merit of his claim. Dkt. 15. Among these exhibits are two written orders from the Wisconsin Circuit Court for Dane County. Dkt. 15-2, at 1-2. Because defendants raise a factual challenge

to subject matter jurisdiction, I "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999) (internal citations omitted). I therefore draw the following facts not only from plaintiff's complaint, but also from his supplemental materials.

When plaintiff filed his complaint, and at all times relevant to this case, he was a prisoner at the Jackson Correctional Institution (JCI), located in Black River Falls, Wisconsin.[1] Defendants Marco and Clark are both Wisconsin Department of Corrections employees who worked in JCI's records department.

On May 5, 2008, Progressive Classic Insurance filed an action against plaintiff in the Dane County Circuit Court, case number 2008-cv-001955. An agent for the law firm representing Progressive delivered service of process to JCI and left the documents with defendants. Under Wis. Stat. § 302.025(2), only a prison warden (or someone the warden appoints) may serve process on an inmate. Defendants were the employees responsible for serving process on inmates at JCI. Plaintiff claims, however, that he never received the documents and that he had no knowledge of Progressive's suit against him. A few months later, Progressive sought and obtained a default judgment in the amount of $17,560.34.[2] Plaintiff claims that he never received notice of the default judgment order, but eventually came to learn of the case.

Almost three years later, plaintiff sent a letter to the clerk of the state court asking why judgment had been entered against him and requesting a hearing. On April 8, 2011, the Dane

---

[1] On May 20, 2014, plaintiff was released from prison. He now resides in Oshkosh, Wisconsin.

[2] Plaintiff alleges that the default judgment was for $22,876.50, Dkt. 1, ¶ 17, but the docket sheet from the state court case shows otherwise.

County Circuit Court issued a decision and order responding to plaintiff's letter. The court reviewed the procedural history of the case and wrote that it was "satisfied that Mr. McGraw received documents in[]2008 showing the judgment." Dkt. 15-2, at 1. The state court further explained that "[g]iven the proof of service of the pleadings . . . there is no adequate showing to justify [plaintiff's] 3 year delay" in challenging the default judgment. *Id.* Plaintiff moved the state court for reconsideration. *Id.* at 2. In a written decision denying his motion, the state court found no reason to revisit its earlier determination that plaintiff received service of process and wrote that "[t]here is no law requiring [Progressive] to prove that [plaintiff] personally signed a document indicating he received service." *Id.*

On April 3, 2014, plaintiff filed a pro se complaint in this court under § 1983. Dkt. 1. I granted him leave to proceed and defendants have now moved to dismiss. Dkt. 16.

ANALYSIS

In their motion to dismiss, defendants contend that the *Rooker-Feldman* doctrine prevents plaintiff from using the federal courts to litigate his procedural due process claims because it would be impossible to evaluate such claims without first revisiting the Dane County Circuit Court's factual determinations. Defendants observe that the state court considered the same basic factual claim that plaintiff presents in his federal complaint and specifically found that plaintiff received service of process in his state court case. Because the *Rooker-Feldman* doctrine bars plaintiff from using § 1983 to revisit this finding in a federal forum, I must grant defendants' motion to dismiss this case for lack of jurisdiction.

The *Rooker-Feldman* doctrine is grounded in principles of federalism and requires respect for the authority of state courts to decide the cases before them. "Simply put, the *Rooker–Feldman* doctrine precludes lower federal court jurisdiction over claims seeking review of state

3

court judgments . . . no matter how erroneous or unconstitutional the state court judgment may be." *Taylor v. Fed. Nat. Mortg. Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004) (internal citations and alterations omitted). If plaintiff believed that his federal rights were violated by the state court, he needed to assert those rights through the state appellate process and then petition the Supreme Court of the United States for review; he "may not attempt to circumvent the effect of *Rooker–Feldman* and seek a reversal of a state court judgment simply by casting [his] complaint in the form of a civil rights action" in this court. *Holt v. Lake Cnty. Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005) (per curiam); *see also Kamilewicz v. Bank of Bos. Corp.*, 92 F.3d 506, 509 (7th Cir. 1996) ("[T]he inferior federal courts generally do not have the power to exercise appellate review over state court decisions.").

This case presents a straightforward application of the *Rooker-Feldman* doctrine. In his complaint, plaintiff alleges that he was injured by the default judgment that the state court entered against him. Dkt. 1, ¶¶ 16-18. Plaintiff tried to persuade the state court to vacate its default judgment by arguing that he never received service of process. *Id.* ¶ 15. But the state court found that plaintiff *had* received service of process and accordingly refused to reopen the case. *Id.*; Dkt. 15-2, at 1-2. Now, plaintiff asks *this* court to consider whether he received service of process. Even if plaintiff were able to demonstrate that the Dane Country Circuit Court's judgment was erroneous, the *Rooker-Feldman* doctrine precludes him from relitigating this issue in federal court.

In support of their argument that the *Rooker-Feldman* doctrine bars plaintiff's claims, defendants direct the court to *Downs v. Westphal*, 78 F.3d 1252 *opinion amended on denial of reh'g*, 87 F.3d 202 (7th Cir. 1996). In *Downs*, a plaintiff obtained a default judgment in an Arizona state court and then filed a foreclosure action in an Indiana state court to collect on his judgment. *Id.* at 1254-55. The defendant appealed the Arizona judgment, arguing that she never

received service of process. *Id.* The Arizona courts rejected her contention, finding that valid service had occurred. *Id.* When the defendant removed the Indiana foreclosure case to federal court, she again argued that she never received service of process in the underlying Arizona proceedings. *Id.* The case eventually arrived at the Seventh Circuit, where the court of appeals observed that for the defendant's argument regarding insufficient service of process to succeed:

> [T]he district court would have to review the Arizona judgment and find that the Arizona courts had erred. Specifically, the district court would have had to review the Arizona court's findings, implicit and explicit, that valid service of process had taken place, that the Arizona statute of limitations was satisfied, and that the court had jurisdiction over the parties and over the subject matter.

*Id.* at 1256. The court went on to conclude that:

> The *Rooker–Feldman* doctrine makes it clear that the decisions of state courts in civil litigation may not be reviewed by the lower federal courts [and thus a]n argument such as the one before us, which requires a federal court other than the Supreme Court to review a state court judgment[,] must fail.

*Id.* (internal citations omitted). In this case, both the procedural posture and the status of the party seeking to overturn a state court determination are different from *Downs*, but the issue is the same. A Wisconsin court has found that plaintiff received service of process in his state case. Adjudicating his current § 1983 suit would necessarily require me to revisit that finding. Thus, the *Rooker-Feldman* doctrine bars plaintiff's claims.

Plaintiff does not offer any authority or legal argument for permitting this case to proceed in federal court. His submission in opposition to defendants' motion consists of several statements about this case, but no explanation as to how they are relevant to the *Rooker-Feldman* inquiry. Dkt. 19. Plaintiff first states that he is suing defendants Marco and Clark personally, not the State of Wisconsin, and that the state's attorneys should not be representing them nor should the taxpayers have to pay for their representation. Even construing plaintiff's filings

liberally due to his pro se status, these statements do not overcome the jurisdictional arguments defendants raise in their motion. Neither the capacity in which plaintiff is suing defendants nor the involvement of state attorneys changes the fact that plaintiff has already litigated this very dispute. Plaintiff also states that a trial date is set in this case for October 26, 2015, but it is unclear how the trial date is relevant. Plaintiff's final statement is that the evidence he has presented to the court "proves that [he] was wronged." *Id.* His assertion only underscores that plaintiff is trying to accomplish exactly what *Rooker-Feldman* forbids; he is asking this court to review his evidence and determine whether he received service of process. A state court has already answered that question, twice, and plaintiff cannot obtain a new decision on the same issue simply by changing the forum. *See, e.g.*, *Schmitt v. Schmitt*, 324 F.3d 484, 485-87 (7th Cir. 2003) (in a § 1983 suit, the *Rooker-Feldman* doctrine precluded federal courts from reviewing a decision in a state court divorce action regarding adequacy of service of process).

A litigant may not use the federal courts to pursue reversal of a state court determination simply by casting his complaint in the form of an action under a federal statute. But this is exactly what plaintiff seeks in this case: his federal complaint attempts to use § 1983 to accomplish in federal court what he already attempted in the Wisconsin state courts. Under *Rooker-Feldman*, I lack subject matter jurisdiction over plaintiff's claims and his case must therefore be dismissed.

ORDER

IT IS ORDERED that:

1. Defendants Terri Marco and Brenda Clark's motion to dismiss, Dkt. 16, is GRANTED and this case is dismissed for lack of subject matter jurisdiction.

2. The clerk of court is directed to close this case.

Entered this 21st day of October, 2014.

        BY THE COURT:

        /s/
        JAMES D. PETERSON
        District Judge